IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

SANDRA ROCHON,

        Plaintiff,

v.                                                    Civil Action No. 2:05cv554

SNYDER'S GATEWAY, INC.
d/b/a/ Econo Lodge Hotel,

        Defendant.

**OPINION and ORDER**

This matter comes before the court on the defendant's "Motion to Dismiss for Lack of Personal Jurisdiction" pursuant to Federal Rule of Civil Procedure 12(b)(2) filed on November 21, 2005. The court has reviewed the parties' supporting memoranda and attached exhibits and finds that a hearing is unnecessary for the resolution of the issues presented. For the reasons set out herein, the court **GRANTS** the defendant's motion to dismiss.

**I. Procedural Background**

On September 19, 2005, the plaintiff, Sandra Rochon, filed a Complaint against the defendant, Snyder's Gateway, Inc. ("SGI"), regarding an alleged fall in the parking lot of an Econo Lodge operated by SGI in Breezewood, Pennsylvania. On November 21, 2005, SGI filed the instant motion to dismiss for lack of personal jurisdiction. On December 5, 2005, three days after the deadline, the plaintiff filed her memorandum in opposition to SGI's motion to dismiss. On December 22, 2005, this motion was referred to this court. On December 30, 2005, this court received SGI's untimely reply, which did not have a certificate of service attached. On January 4, 2006, this court received an additional copy of SGI's reply, which included the certificate of

service.

## II. Factual Background

As this matter is before the court on the defendant's motion to dismiss for lack of personal jurisdiction, the court "draw[s] all reasonable inferences arising from the proof, and resolve[s] all factual disputes, in the plaintiff's favor." Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993)(citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Wolf v. Richmond County Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984), cert. denied, 474 U.S. 826 (1985).

The plaintiff is a resident of Suffolk, Virginia. The defendant, SGI, is a corporation chartered under the laws of Pennsylvania. SGI is not registered to do business in any other state and does not have offices or agents outside of Pennsylvania. SGI, which is a family operated business, operates two hotels and a travel plaza in Breezewood, Pennsylvania. The first hotel is an Econo Lodge, which SGI operates under a franchise agreement with Choice Hotels, Inc., and the second hotel is a Holiday Inn Express, which it operates under a franchise agreement with Intercontinental Hotels. The travel plaza, which operates under the name "Gateway Travel Plaza" is located adjacent to the Econo Lodge.

SGI advertises its hotels by posting billboards within Pennsylvania; it does not engage in any marketing activities outside Pennsylvania and does not have a relationship with any travel agencies outside of Pennsylvania. Moreover, SGI does not have offices, employees, or agents outside of Pennsylvania. Choice Hotels, a nationwide franchisor of numerous hotel chains, including Econo Lodge, conducts national advertising to promote the Econo Lodge name. However, any such advertising is not specific to the Econo Lodge operated by SGI in Breezewood, Pennsylvania. Choice Hotels also operates an online reservation system through which customers can book hotel reservations. However, SGI does not have an individual online reservation system.

Although customers can book hotel rooms at SGI's Econo Lodge through Choice Hotels' national system, many of SGI's reservations are conducted on a walk-in basis.

SGI does not transact business in Virginia, does not solicit customers from Virginia, and does not have a registered agent to accept service of process in Virginia. However, SGI does have a contractual relationship with one Virginia business, Truck Stop Games, L.L.C., from which SGI leases vending machines for its Gateway Travel Plaza. A representative from Truck Stop Games, who resides in Pennsylvania, supplies the vending machines, and SGI receives a percentage of the revenue in cash as these machines are emptied.

On December 19, 2004 the plaintiff contracted with SGI for the use of a hotel room for the night of December 19, 2004 and the morning of December 20, 2004 at the Econo Lodge in Breezewood, Pennsylvania. SGI accepted US currency for this transaction. During registration, the plaintiff identified herself as a Virginia resident. The plaintiff claims that, while walking in the Econo Lodge parking lot, she tripped and fell on an uneven surface on the handicap ramp, a condition that the plaintiff claims was exacerbated by SGI's failure to provide proper exterior lighting. The plaintiff also claims that SGI's agent at the front counter of the hotel was put on notice of the incident, but failed to provide her any assistance. As a result, the plaintiff claims that she suffered sever fracture injuries to her left wrist and elbow, and suffered acute renal failure caused by the exposure to the weather while she was waiting for the ambulance. The plaintiff claims $500,000.00 in damages.

## II. Standard of Review

On a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the burden is on the plaintiff to prove grounds for jurisdiction. Mylan Lab., Inc., 2 F.3d at 60 (citing Combs, 886 F.2d at 676)(citations omitted). However, when

a district court considers a motion without an evidentiary hearing, the plaintiff must only prove a prima facie case of personal jurisdiction. Id.  In determining whether the plaintiff has met this burden, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Id. (citing Combs, 886 F.2d at 676 ; Wolf, 745 F.2d at 908, cert. denied, 474 U.S. 826 (1985)). However, "district courts are not required . . . to look solely to the plaintiff's proof in drawing those inferences." Id. at 62.

"Where federal jurisdiction is based on diversity of citizenship a two-part test is to be applied to determine questions of personal jurisdiction." Id. at 909 (citing Hardy v. Pioneer Parachute Co., 531 F.2d 193, 195 (4th Cir. 1976)). The plaintiff must show that (1) the state's long-arm statute authorizes the exercise of jurisdiction and (2) that the exercise of jurisdiction complies with the Due Process Clause of the Constitution. Id.

### III.  Discussion

"The Virginia long-arm statute . . . has been construed to extend in personam jurisdiction to the outmost perimeters of due process." Peanut Corp. of America v. Hollywood Brands, Inc., 696 F.2d 311, 313 (4th Cir. 1982). The pertinent portion[1] of the Virginia long-arm statute states:

> A.   A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:  . . .
>
>   1. Transacting any business in this Commonwealth; . . .
>
> C.   When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him . . .

Va. Code Ann. § 8.01-328.1.

In addition, under the Constitution, in order for a court to exercise jurisdiction over a

---

[1] Although, the Virginia long-arm statute provides jurisdiction in several other circumstances, they are not applicable to the facts in this case.

defendant, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Supreme Court has held that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (U.S. 1958) "The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (citing International Shoe Co., 326 U.S. at 319.) The defendant must be able to "reasonably anticipate being haled into court [in the forum states]" based on its contacts with such state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

The plaintiff relies on the above portion of the Virginia long-arm statute, i.e. "[t]ransacting any business in this Commonwealth", in making her argument that this court should exercise jurisdiction over SGI. Va. Code Ann. § 8.01-328.1. She claims that SGI has transacted business in Virginia because SGI rented a room to her knowing that she was a Virginia resident and is an apparent agent of Choice Hotels. However, this court rejects the plaintiff's arguments for the following reasons.

First, the plaintiff has failed to set forth any facts that suggest that SGI, itself, or any of its agents has transacted any business *in* the Commonwealth of Virginia. The plaintiff claims that this court has jurisdiction over SGI based on an apparent agency theory. Specifically, the plaintiff claims that SGI is an apparent agent of Choice Hotels by virtue of SGI's status as a franchisee of the Econo Lodge brand. The plaintiff claims that because Choice Hotels would be subject to

jurisdiction in Virginia based on the numerous Econo Lodge Hotels located in the Eastern District of Virginia, then SGI, as Choice Hotels' apparent agent, should also be subject to such jurisdiction. In other words, the plaintiff claims that if Choice Hotels is subject to jurisdiction in Virginia, then SGI should also be subject to such jurisdiction because it holds itself out to the public as an Econo Lodge hotel.

However, assuming *arguendo* that this court has jurisdiction over Choice Hotels, and that SGI is an agent of Choice Hotels, the principal/agent relationship alone would not enable this court to exercise jurisdiction over SGI. See Coleman v. Chen, 712 F. Supp. 117, 121 (S.D.Oh. 1988). The plaintiff cites several cases in which courts have exercised jurisdiction over a foreign principal based on the acts of its agent. See Crinkley v. Holiday Inns, Inc., 844 F.2d 156 (4th Cir. 1988); Butler v. McDonald's Corp., 110 F. Supp. 2d 62 (D.R.I. 2000); Sims v. Marriott Int'l, Inc., 184 F. Supp. 2d 616 (W.D.K.Y. 2001). However, the plaintiff has not cited any cases that stand for the theory that a court can exercise jurisdiction over an *agent based on the acts of its principal*.

Furthermore, this court has found several district court cases that have held that a court may not exercise jurisdiction over an agent based solely on the contacts of its principal. See Coleman, 712 F. Supp.117 (finding no jurisdiction over foreign hotel franchisee in slip and fall case, even if the franchisee was considered an agent of the franchisor, because the franchisee had no control over the franchisor's acts within the forum state)(citing Assicurazioni Generali, SPA. v. Terranova, 1988 U.S. Dist. LEXIS 7996 (S.D.N.Y. 1988)); Smith v. Jefferson County Chamber of Commerce, 683 F.Supp. 536 (D. Md. 1988), affirmed, 885 F.2d 865 (4th Cir. 1989)(finding no personal jurisdiction over foreign defendant based on third-party's independent decision to advertise within the forum on the foreign defendant's behalf); Williams v. General Motors Corp., 573 F. Supp. 577 (E.D. Ark. 1983)(finding no personal jurisdiction over a foreign car dealership

based upon principal GMC's conduct within the forum state); Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins. Co., 572 F. Supp. 962 (S.D.N.Y. 1983)(rejecting the argument that "just because an agent provides services to a principal in and of itself means that any state in which the principal does business should be able to assert jurisdiction over that principal's agent . . .").

Although the Virginia long-arm statute states that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent", it does not state that a court may exercise jurisdiction over an agent based on the acts of its principal. Va. Code Ann. § 8.01-328.1. Such a rule would be inconsistent with the essential characteristics of a principal/agent relationship, which require a principal to exercise control over the agent, not agent to exercise control over its principal. Boyd v. Bulala, 877 F.2d 1191, 1198 (4th Cir. 1989); see also John G. Kolbe, Inc. v. Chromodern Chair Co., 211 Va. 736 (1971).² To exercise jurisdiction over an agent based on the acts of its principal, over which the agent has no control, would not comport with the "traditional notions of fair play and substantial justice" as required by the Due Process Clause of the Constitution. International Shoe Co., 326 U.S. at 316 (1945).

The only direct contact that SGI has had with Virginia is through its relationship with Truck Stop Games. However, SGI's relationship with Truck Stop Games is not sufficient to exercise jurisdiction over SGI in the instant case. Although SGI has a contract with Truck Stop Games to stock its vending machines at the Gateway Travel Plaza, SGI entered into this contract through Truck Stop Games' Pennsylvania representative, and all business related to this contract is conducted in Pennsylvania. Furthermore, even if this court could exercise specific jurisdiction over

---

² There is no allegation that Choice Hotels acted as an agent for SGI. However, even if the plaintiff made such an allegation, it would fail because there is no evidence that SGI had any control over the actions of Choice Hotels. See Coleman, 712 F. Supp. 122. Without such control, there can be no such principal/agency relationship.

SGI based on its relationship with Truck Stop Games, the plaintiff could not establish jurisdiction in the instant case because her claim does not arise from SGI's contract with Truck Stop Games. Accordingly, because the plaintiff is unable to establish that SGI has transacted business in Virginia, she has failed to show that SGI is subject to jurisdiction under the Virginia long-arm statute.

Furthermore, the plaintiff is also unable to show that the exercise of jurisdiction complies with the Due Process Clause of the Constitution. As stated above, in order for a court to exercise jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit has explained that although direct advertising within Virginia may confer personal jurisdiction over a defendant, national advertising, "standing alone", does not confer such jurisdiction. Henry v. Georgetown University, 892 F.2d 74 (4th Cir. 1989)(unpublished); Cancun Adventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044 (4th Cir. 1988).

In this case, the plaintiff has failed to show that SGI has any control over the national marketing of the Econo Lodge brand. In fact, the record shows that all national marketing is done at the discretion of Choice Hotels and is not specific as to SGI's hotel. Furthermore, the only advertising that SGI conducts is in Pennsylvania. Moreover, Choice Hotels maintains an online reservation system; SGI has no such system. Although the plaintiff relied on the Econo Lodge name in making her reservation, such reliance does not automatically subject SGI to jurisdiction in Virginia because SGI had no control over the national advertising decisions of Choice Hotels. Without proof that SGI or its agent transacted business in Virginia or had other sufficient contacts with the Commonwealth, the plaintiff is unable to establish jurisdiction over SGI.

Based on the facts presented, the court finds that SGI, a Pennsylvania franchisee which conducts almost all of its business within Pennsylvania, has not "purposefully availed itself of the privilege of conducting activities within . . . [Virginia], thus invoking the benefits and protections of its laws." Hanson, 357 U.S. at 253 (citing International Shoe Co., 326 U.S. at 319). Thus, this court does not have jurisdiction over SGI. To hold otherwise, would mean that every state in the Union would have jurisdiction over SGI simply as a result of Choice Hotels' decision to advertise the Econo Lodge brand on a national level. Such broad jurisdiction fails to meet the constitutional requirements for personal jurisdiction. SGI must be able to "reasonably anticipate being haled into court" based on its own contacts and activities. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Accordingly, because the plaintiff has failed to show that the exercise of jurisdiction complies with the Due Process Clause of the Constitution or that Virginia's long-arm statute authorizes jurisdiction, SGI's "Motion to Dismiss for Lack of Personal Jurisdiction" is **GRANTED.**

The plaintiff has asked this court to grant the plaintiff leave to amend the Complaint to include Choice Hotels, in lieu of granting the defendant's motion to dismiss. However, because the joinder of Choice Hotels will not cure the lack of personal jurisdiction over SGI, this court **DENIES** the plaintiff's request to amend the Complaint.

The Clerk is **REQUESTED** to mail copies of this order to counsel for all parties.

**IT IS SO ORDERED.**

                                       /s/
                              Jerome B. Friedman
                      UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 13, 2006